IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATASHA S. COLBERT, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>HARRIS COUNTY JUVENILE )<br>PROBATION )<br>  Defendant, ) | Case No. 3:13-CV-00347<br>Judge Campbell/Bryant |

TO: The Honorable Todd Campbell, District Judge

## REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of the case, including recommendation for ruling on any dispositive motions (Docket Entry No. 3). On April 16, 2013, Natasha S. Colbert ("Plaintiff") sued Harris County Juvenile Probation ("Defendant") for discrimination based upon her disability (Docket Entry No. 1). In an order allowing Plaintiff to proceed *in forma pauperis*, the Court construed Plaintiff's complaint as alleging a violation of the Americans with Disabilities Act (ADA) (Docket Entry No. 3). On May 13, 2013, Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure (Docket Entry No. 11). Defendant further filed a supplemental memorandum in support of this motion on June 28, 2013 (Docket Entry No. 16). For the reasons stated below, the undersigned Magistrate Judge recommends that the case be transferred to the United States District Court for the Southern District of Texas, Houston Division.

1

**Statement of Facts**

Plaintiff is a resident of Antioch, Tennessee (Docket Entry No. 1, p.1). Defendant's place of business is in Houston, Texas (*Id.*). Plaintiff alleges that she was originally offered employment by Defendant, but then Defendant withdrew the offer after Plaintiff flew to Texas and they met in person on June 4, 2012 (*Id.* at 2–3). Plaintiff alleges that Defendant withdrew its offer of employment because of her disability, a hearing impediment (*Id.* at 3).

Defendant contends that all of its employment practices occurred in Houston, all of its employment records are held in Houston, and that Plaintiff's employment would have occurred in Houston (Docket Entry No. 11, p.4).

**Analysis**

The enforcement provisions of Title VII, including its rules regarding venue, are used for ADA claims. 42 U.S.C. § 12117(a). Venue under Title VII is determined under the following provision:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principle office shall in all cases be considered a district in which the action might have been brought. 42 U.S.C § 2000e-5(f)(3).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Sixth Circuit has

held that § 1406(a) "provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction." *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980). *See also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (holding § 1406(a) allows the transfer of a case "whether the court in which it was filed had personal jurisdiction over the defendants or not").

Here, Plaintiff has identified Houston, Texas, as Defendant's place of business (Docket Entry No. 1, p.1). Plaintiff has not disputed Defendant's assertions that Houston is where all of Defendant's employment practices occurred, where all of Defendant's employment records are held, and where she would have worked. Plaintiff has not submitted any factual or legal basis for this Court to find venue is proper in the Middle District of Tennessee. Because it will avoid an obstacle to adjudication on the merits, this case should be transferred to the proper venue, the United States District Court for the Southern District of Texas, Houston Division.

## Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends that: (1) Defendant's motion be DENIED to the extent they seek dismissal under Rules 12(b)(2) and 12(b)(3) in this District; and (2) this action be transferred to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1406(a).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and

Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 20th day of August, 2013.

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
United States Magistrate Judge